[No. 2485.]

## THE BANKER MINING AND MILLING COMPANY V. MURNAN.

**Continuance—Discretion—Bill of Particulars.**

The overruling of an application for a continuance by defendant, in a suit upon an account, on the ground of plaintiff's failure to furnish a more specific bill of particulars pursuant to notice and order of the court, will not be reversed as an abuse of discretion where there was no showing that a failure to comply with the order by plaintiff had made it impossible for defendant to prepare for trial, and where there was no effort made before or at the trial to preclude the introduction of evidence in support of the account.

*Appeal from the District Court of Lake County.*

Mr. JAMES GLYNN and Mr. W. H. HARRISON, for appellant.

Mr. JOHN A. EWING and Mr. FRANCIS E. BOUCK, for appellee.

MAXWELL, J.

Action upon an account for hauling.

The only assignment of error relied upon is based upon an order denying a motion for a continuance.

The motion for a continuance and the affidavits in support thereof, except as hereinafter noted, are the same as those considered and ruled in *Banker Mining & Milling Company v. Allen, ante,* page 351.

As an additional ground for a continuance the motion herein sets forth:

"2. For the reason that plaintiff has not furnished a specific bill of particulars pursuant to notice, and the order of this honorable court heretofore made in this cause."

The affidavit of defendant's attorney supports this ground of the motion.

The record shows that appellant was furnished with a bill of particulars which seems not to have been satisfactory to it.

November 13, 1900, nine weeks before the trial day, upon appellant's motion, the court ordered a more specific bill of particulars filed.

Appellee did not comply with this order.

Appellant contends that error was committed in receiving any evidence of the account.

Mills' Ann. Code, sec. 63, is:

"It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged; but he shall, within five days after a demand thereof in writing by the adverse party, deliver to him or file a copy of such account, or be precluded from giving evidence thereof. The court or judge may on motion limit or extend the time for delivering or filing such account, and may order a further account when the one delivered or filed is too general or is defective in any particular."

It will be noticed that the penalty of preclusion of evidence, imposed by the above-quoted section of the code, is for failure to deliver or file a copy of the account sued on, in response to the *demand* of the adverse party. No penalty is imposed for failure to comply with the order of the court for a further account. Without doubt, the court has the inherent power to enforce its order in this behalf, by the infliction of such penalties as the exercise of a wise discretion may dictate.

This being an application for a continuance, some showing should have been made to the effect that failure to comply with the order had made it impossible to have prepared for trial or to go to trial.

December 3, when the case was set for trial, no complaint was made that the order had not been

complied with; previous to the trial no order was applied for precluding the introduction of evidence in support of the account; at the trial no objection was made to the introduction of evidence in support thereof, on account of failure to comply with the order.

Denying the motion for a continuance upon the showing made upon the ground stated herein, was not such an abuse of discretion upon the part of the trial court as would warrant a reversal of the judgment in this case, for which reason and for the reasons given in *Banker Mining & Milling Company v. Allen, ante,* page 351, the judgment will be affirmed.

*Affirmed.*